STATE OF CONNECTICUT *v.* JAMES D. THOMAS
(AC 27372)

DiPentima, Gruendel and Rogers, Js.

Argued September 15—officially released November 7, 2006

*H. Jeffrey Beck*, for the appellant (defendant).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *John C. Smriga*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, James D. Thomas, appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a (a). He claims that the trial court abused its discretion in admitting as a spontaneous utterance the statement of Mabel Persons. We affirm the judgment of the trial court.

The relevant facts are not in dispute. Teresa Alers knew both the defendant and Henry Goforth, with whom she sold narcotics. She saw the two men together on the evening of October 7, 1999. A dispute ensued that night over money Goforth allegedly owed the defendant. When the defendant demanded payment, Goforth indicated that he had no money. At approximately 6 a.m. on the morning of October 8, 1999, Goforth's body was found under a stairwell outside building fifteen of the P.T. Barnum apartment complex (complex) in Bridgeport. Detective Tijuana Webbe of the Bridgeport police department arrived shortly thereafter and observed wounds to the face, head, neck and chest of the body.

That afternoon, Alers, Persons and two other females were seated in a vehicle across from a mini-mart in the complex. They observed the defendant toss a bag into a dumpster adjacent to the mini-mart. After the defendant left, all four headed to the dumpster. Alers testified that

they thought that the bag contained narcotics. When they opened the dumpster, they saw the bag on top of a pile of cardboard. Persons opened the bag, looked inside and screamed, "He ain't going to get away with this." Persons took the bag to a police officer nearby, who forwarded it to Webbe. Among the items Webbe discovered in the bag were a handle with a broken blade and a broken knife that had "Goforth" written on it.

Medical examiner Arkady Katsnelson performed an autopsy, which revealed multiple stab wounds to Goforth's body.[1] Notably, Katsnelson found the blade of a knife, which had penetrated Goforth's left lung, lodged completely inside the body. Karen Lamy, a criminalist with the state forensic science laboratory, testified that the blade recovered from Goforth's body and the handle recovered from the bag found in the dumpster were parts of the same knife. The defendant subsequently was arrested and charged with murder in violation of § 53a-54a (a). After a trial by jury, the defendant was found guilty, and the court rendered judgment accordingly. From that judgment, the defendant appeals.

On appeal, the defendant challenges the admission of Persons' statement as a spontaneous utterance.[2] The spontaneous utterance is a firmly rooted exception to the hearsay rule that is at least two centuries old. *White v. Illinois*, 502 U.S. 346, 355 n.8, 112 S. Ct. 736, 116 L. Ed. 2d 848 (1992). Under that exception, "[h]earsay statements, otherwise inadmissible, may be admitted into evidence to prove the truth of the matter asserted therein when (1) the declaration follows a startling

---

[1] The official cause of Goforth's death was extensive internal and external bleeding due to stab wounds to the neck and chest.

[2] Persons died from causes unrelated to the present matter prior to trial and, thus, was unavailable to testify.

occurrence, (2) the declaration refers to that occurrence, (3) the declarant observed the occurrence, and (4) the declaration is made under circumstances that negate the opportunity for deliberation and fabrication by the declarant." *State* v. *Kelly*, 256 Conn. 23, 41–42, 770 A.2d 908 (2001); Conn. Code Evid. § 8-3 (2). "We review the court's evidentiary ruling under an abuse of discretion standard. [T]he trial judge must determine whether an utterance qualifies under this exception . . . and that decision will not be disturbed on appeal unless it constitutes an unreasonable exercise of discretion. . . . All material facts should be weighed by the trial judge when determining whether a statement qualifies as a spontaneous utterance." (Internal quotation marks omitted.) *State* v. *Westberry*, 68 Conn. App. 622, 627, 792 A.2d 154, cert. denied, 260 Conn. 923, 797 A.2d 519 (2002).

The defendant posits that Persons' statement did not follow a startling occurrence. We disagree. The record reveals that Goforth's body was found outside the complex on the morning of October 8, 1999, which location became a crime scene attended to by officers of the Bridgeport police department. Alers testified that the women stayed "in the scenery" that day due to the significant police activity at the crime scene. She further testified that when they saw the defendant drop the bag in the dumpster, they presumed it contained narcotics. When Persons opened the bag, that is not what she saw. Rather, the bag contained a handle with a broken blade, a broken knife that had "Goforth" written on it, a broken silver fork, a small flashlight and a key chain. Upon opening the bag, Parsons became hysterical and screamed, "He ain't going to get away with this." We agree with the court that this activity constituted a startling event. The fact that a murder had transpired hours earlier at that location informed Persons' reaction

to finding broken knives in the bag, as did Alers' testimony that she, Persons and the two other females had believed that narcotics were in the bag. Considered in light of those facts, the declaration, "[h]e ain't going to get away with this," plainly referred to the use of those items found in the bag. In addition, it is undisputed that Persons observed the items in the bag, as well as the crime scene where Goforth's body was found earlier in the day. The defendant does not claim that the circumstances indicate that Persons had the opportunity for contrivance and misrepresentation prior to her declaration. We therefore conclude that the court did not abuse its discretion in admitting the statement as a spontaneous utterance.

Even if we were to conclude that the admission of Persons' statement was improper, the defendant still could not prevail. The jury was presented with ample evidence of the defendant's guilt, including the recovery of a knife blade from Goforth's body that matched the knife handle found in the bag that the defendant deposited in the dumpster. The jury heard the testimony of Caproria Moore, with whom the defendant was living in the complex at the time of the murder. Moore testified that the knife and fork recovered from the bag matched those in her kitchen. Alers testified that she heard the defendant and Goforth arguing over money allegedly owed to the defendant the night before the murder. The jury also heard from a jailhouse informant, who testified that the defendant told him that "somebody had owed him some money [in the complex] and he had to do him in. . . . He said he had to gut somebody like a fish." In light of the foregoing, any evidentiary impropriety concerning Persons' statement is harmless, as we possess a fair assurance that the error did not substantially affect the verdict. See State v. Sawyer, 279 Conn. 331, 357, 904 A.2d 101 (2006).

The defendant's ancillary claim that the admission of Persons' declaration as an excited utterance violated his right of confrontation requires little discussion. In *State* v. *Slater*, 98 Conn. App. 288, 908 A.2d 1097 (2006), this court considered whether a defendant's right of confrontation is violated by the admission of spontaneous utterances made to civilian bystanders outside of the presence of law enforcement personnel. We concluded that such spontaneous utterances do not qualify as testimonial under *Crawford* v. *Washington*, 541 U.S. 36, 68, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), and, thus, do not run afoul of the confrontation clause. *State* v. *Slater*, supra, 299–300. Because Persons' statement in the present case was made to civilian bystanders outside of the presence of law enforcement personnel, the defendant's claim fails.

The judgment is affirmed.

In this opinion the other judges concurred.